FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 11, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID M., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 2:18-CV-0035-JTR <br><br> ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 14. Attorney Lora Lee Stover represents David M. (Plaintiff); Special Assistant United States Attorney Leisa A. Wolf represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 12. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, IN PART,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

**JURISDICTION**

On April 30, 2015,[1] Plaintiff filed applications for disability insurance benefits and supplemental security income benefits, alleging disability since August 1, 2011, due to depression, anxiety, HBP (high blood pressure), bad heart,

---

[1] While the ALJ's decision refers to the application dates as March 20, 2015, Tr. 19, 29, the record reflects application dates of April 30, 2015, Tr. 194, 201.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

severe pain, meningitis, substance abuse, and a broken hand. Tr. 194, 201, 227. Plaintiff's applications were denied initially and upon reconsideration.

Administrative Law Judge (ALJ) Jesse K. Shumway held a hearing on February 8, 2017, Tr. 37-74, and issued an unfavorable decision on March 24, 2017, Tr. 19-30. The Appeals Council denied review on December 8, 2017. Tr. 2-7. The ALJ's March 2017 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on January 30, 2018. ECF No. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was born on September 26, 1984, and was 26 years old on the alleged onset date, August 1, 2011. Tr. 194. He completed high school and two years of college and additionally has specialized job training in welding. Tr. 60, 228. Plaintiff's disability report indicates he stopped working on August 31, 2011, because of his conditions. Tr. 227. Plaintiff stated he had no physical barriers to employment, Tr. 60, but he previously had meningitis which affected his memory, Tr. 62, and anxiety, ADHD and depression caused him to have a difficult time being around people, Tr. 64-66.

Plaintiff testified at the February 8, 2017, administrative hearing that he had been abstinent from illegal substances for the six months preceding the hearing (since September 2016), but had not been sober for any significant period of time prior to that date. Tr. 53. However, the record reflects Plaintiff had positive UA results as recently as October 5, 2016, and November 22, 2016. Tr. 53-54. Plaintiff explained he had been prescribed Vyvanse, an amphetamine, and Clonidine, a benzodiazepine. Tr. 54-55.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that physical or mental impairments prevent him from

engaging in his previous occupation. 20 C.F.R. § 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that the claimant can perform other jobs present in significant numbers in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On March 24, 2017, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

The ALJ found at step one that Plaintiff has not engaged in substantial gainful activity since his alleged onset date. Tr. 21. At step two, the ALJ determined that Plaintiff had polysubstance abuse, a severe impairment. Tr. 22. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 22.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined, based on his impairments, including the substance use disorders, Plaintiff could perform a full range of work at all exertional levels with the following limitations: he is limited to simple, routine, repetitive tasks; he can have no interaction with the public and limited contact with coworkers and supervisors; and he would likely be off task 10% of the workday and would miss more than two days of work each month because of his impairments. Tr. 23.

At step four, the ALJ determined Plaintiff could not perform his past relevant work as a welder or research assistant. Tr. 24. At step five, the ALJ determined that based on the testimony of the vocational expert, and considering all of Plaintiff's impairments, including the substance use disorders, Plaintiff was
///

not able to make a successful vocational adjustment to work that exists in significant numbers in the national economy. Tr. 24-25.

However, the ALJ determined Plaintiff's polysubstance abuse was material to the determination of disability. Tr. 29. The ALJ concluded Plaintiff has no severe, medically determinable impairments, absent consideration of Plaintiff's substance use disorder. Tr. 25-29. The ALJ specifically found Plaintiff continued to use a variety of intoxicating substances throughout the alleged period of disability and thus there was no extended period of sobriety sufficient to evaluate his symptoms in the absence of such use. Tr. 27. Accordingly, the ALJ determined, at step two of the sequential evaluation process, that Plaintiff was not disabled within the meaning of the Social Security Act. Tr. 29-30.

## ISSUE

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by failing to identify that Plaintiff had severe mental impairments and by finding Plaintiff's substance abuse was a material factor contributing to the disability. ECF No. 13 at 10.

## DISCUSSION[2]

Plaintiff asserts the ALJ erred by concluding he did not have a severe mental impairment other than substance abuse. ECF No. 13 at 13. Defendant argues the

---

[2]In *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018), the Supreme Court recently held that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus subject to the Appointments Clause. To the extent *Lucia* applies to Social Security ALJs, the parties have forfeited the issue by failing to raise it in their briefing. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the Court will not consider matters on appeal that were not specifically addressed in an appellant's opening brief).

ALJ properly assigned substantial weight to the testimony of non-examining medical expert Glenn Griffin, Ph.D., to find Plaintiff did not have a severe impairment, absent substance abuse. ECF No. 14 at 4-9.

The Social Security Act bars payment of benefits when drug addiction and/or alcoholism (DAA) is a contributing factor material to a disability claim. 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J); *Sousa v. Callahan*, 143 F.3d 1240, 1245 (9th Cir. 1998). When there is medical evidence of substance abuse, the ALJ must conduct a DAA analysis and determine whether DAA is a material factor contributing to the disability. 20 C.F.R. §§ 404.1535(a), 416.935(a). In order to determine whether DAA is a material factor contributing to the disability, the ALJ must evaluate which of the current physical and mental limitations would remain if the claimant stopped using drugs or alcohol, then determine whether any or all of the remaining limitations would be disabling. 20 C.F.R. §§ 404.1535(b)(2), 416.935(b)(2). If the remaining limitations without DAA would still be disabling, then the claimant's drug addiction or alcoholism is not a contributing factor material to his disability. If the remaining limitations would not be disabling without DAA, then the claimant's substance abuse is material and benefits must be denied. *Parra v. Astrue*, 481 F.3d 742, 747-748 (9th Cir. 2007). "The claimant bears the burden of proving that drug or alcohol addiction is not a contributing factor material to his disability." *Id*. at 748.

Social Security Ruling (SSR) 13-2p, 2013 WL 621536, provides guidance for evaluating whether a claimant's substance use is material to the disability determination. It instructs adjudicators to "apply the appropriate sequential evaluation process twice. First, apply the sequential process to show how the claimant is disabled. Then, apply the sequential evaluation process a second time to document materiality." *Id*. at *6. Although SSRs do not have the force of law, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are

plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

SSR 13-2p provides that the key factor to examine in determining whether DAA is a contributing factor material to the disability determination is whether the claimant would still be found disabled if he stopped using drugs or alcohol. SSR 13-2p, 2013 WL 621536 at *4. The ALJ must project the severity of a claimant's other impairments in the absence of DAA, and, in making this determination, the ALJ should consider medical judgments about the likely remaining medical findings and functional limitations the claimant would have in the absence of DAA. *Id*. at *7, *9. SSR 13-2p indicates that in cases involving physical impairments, an ALJ may consider treating or non-treating medical source opinions about the likely effects that abstinence from drugs or alcohol would have on the claimant's impairments; however, in cases involving mental impairments, the ALJ may not consider such predictions. SSR 13-2p, 2013 WL 621536 at *8, n.19.

SSR 13-2p states that "[m]any people with DAA have co-occurring mental disorders; that is, a mental disorder(s) diagnosed by an acceptable medical source in addition to their DAA. We do not know of any research data that we can use to predict reliably that any given claimant's co-occurring mental disorder would improve, or the extent to which it would improve, if the claimant were to stop using drugs or alcohol." *Id*. at *9. "To support a finding that DAA is material, we must have evidence in the case record that establishes that a claimant with a co-occurring mental disorder(s) would not be disabled in the absence of DAA." *Id*. While ALJs may seek assistance from medical experts in interpreting the medical evidence regarding the separate effects of treatment for DAA and a co-occurring mental disorder, SSR 13-2p, 2013 WL 621536 n.28, an ALJ may not rely exclusively on medical expertise and the nature of a claimant's mental disorder to determine whether DAA is material, SSR 13-2p, 2013 WL 621536 at *9.

In this case, the ALJ did not reference SSR 13-2p in the decision and relied exclusively on medical expert Griffin to find that Plaintiff's polysubstance abuse was the only medically determinable psychiatric impairment. Tr. 26-27. This methodology is inconsistent with the guidance provided by SSR 13-2p, 2013 WL 621536 at *9, and, in any event, the ALJ's step two conclusion is contrary to the weight of the record evidence. *See infra.*

Plaintiff has the burden of proving he has a severe impairment at step two of the sequential evaluation process. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 423(d)(1)(A), 416.912. In order to meet this burden, Plaintiff must furnish medical and other evidence that shows he has a severe impairment. 20 C.F.R. § 416.912(a). The regulations, 20 C.F.R. §§ 404.1520(c), 416.920(c), provide that an impairment is severe if it significantly limits one's ability to perform basic work activities. An impairment is considered non-severe if it "does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521, 416.921.

Step two is "a de minimis screening device [used] to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). An ALJ may find a claimant lacks a medically severe impairment or combination of impairments only when this conclusion is "clearly established by medical evidence." SSR 85-28 (1985); *Webb v. Barnhart*, 433 F.3d 683, 686-687 (9th Cir. 2005). In reviewing the claimed error, the Court must consider whether the record includes evidence of a severe impairment and, if so, whether the ALJ's response to that evidence was legally correct.

A consultative psychiatric examination was performed by Elizabeth Koenig, M.D., on June 28, 2015.[3] Tr. 353-362. Dr. Koenig diagnosed Schizoaffective

---

[3]The ALJ accorded Dr. Koenig's opinion "little weight" because it failed to consider the full effect of Plaintiff's ongoing substance abuse. Tr. 23. However, a

Disorder, Bipolar Type, multiple episodes, currently depressed versus Bipolar II Disorder, current episode depressed, mild to moderate, with mild to moderate anxious distress, psychotic symptoms and possible occasional panic (rule out due to meningitis); Attention Hyperactivity Disorder, combined presentation, provisional; polysubstance use and dependence; and rule out specific learning disorder. Tr. 360-361. Dr. Koenig specifically indicated Plaintiff "clearly has numerous challenges, not all of which can be explained by illicit drug use." Tr. 361.

Reviewing state agency medical professionals Leslie Postovoit, Ph.D., and Jerry Gardner, Ph.D., indicated in July 2015 and September 2015, respectively, that Plaintiff suffered from severe impairments of substance addiction disorders, anxiety disorders, and affective disorders. Tr. 89-90, 111-113. The ALJ determined the medical professionals' opinions that Plaintiff had severe mental impairments in addition to his polysubstance abuse was not consistent with Plaintiff's long history of substance abuse and the testimony of Dr. Griffin. Tr. 28.

John F. Arnold, Ph.D., completed a Psychological/Psychiatric Evaluation form on October 20, 2015.[4] Tr. 437-442. Dr. Arnold diagnosed Unspecified Mood

---

review of Dr. Koenig's report indicates Dr. Koenig fully acknowledged and considered Plaintiff's substance abuse. Tr. 353-362.

[4]The ALJ gave "little weight" to Dr. Arnold's "checkbox form" noting it failed to contain meaningful analysis of the impact of Plaintiff's substance abuse and provided little explanation for the limitations described. Tr. 28. However, Dr. Arnold's report states that Plaintiff "has had severe, chronic problems with illicit narcotic pain medications and other drugs, which has probably had a significant impact on his mental health and ability to function" and further indicates Plaintiff reported he was "in a partial recovery from opioids, but he has continued to have

Disorder; Rule Out Bipolar; Unspecified Anxiety Disorder; Opioid Use Disorder (severe) on Agonist Therapy; Rule Out Cannabis Use Disorder; and an anti-social personality disorder, and also assessed numerous moderate and marked work limitations. Tr. 438-439.

In October 2015, Dana Harmon, Ph.D., opined it was possible Plaintiff's depression, anxiety, and substance-induced dementia would persist even with a stable recovery, but also concluded there was no reliable evidence of a mental disorder distinct from the impacts of Plaintiff's chemical dependency. Tr. 28, 982-983.

It is apparent from the foregoing medical evidence that Plaintiff's claim of severe mental impairments, other than substance abuse, was not "groundless." *Smolen*, 80 F.3d at 1290. The record reflects mental problems sufficient to pass the de minimis threshold of step two of the sequential evaluation process. *Id*. Accordingly, the Court finds the ALJ erred in assigning substantial weight to the testimony of medical expert Griffin to find Plaintiff's polysubstance abuse was the only medically determinable psychiatric impairment. *See* SSR 13-2p, 2013 WL 621536 at *9 (in cases involving mental impairments, an ALJ may not rely exclusively on medical expertise and the nature of a claimant's mental disorder to determine whether DAA is material).

Pursuant to SSR 13-2p, DAA is not material "if the record is fully developed and the evidence does not establish that the claimant's co-occurring mental disorder(s) would improve to the point of nondisability in the absence of DAA." There are presently no medical records showing whether Plaintiff's mental impairments improved or would likely improve in the absence of DAA. Although the Court finds the ALJ erred at step two, it is not clear from the record, as it

---

significant relapses and he continues to use marijuana 'pretty regularly.'" Tr. 442. Plaintiff's substance abuse was wholly considered by Dr. Arnold.

currently stands, whether Plaintiff's severe mental impairments, either singly or in combination, would prevent him from performing substantial gainful employment, in the absence of DAA. The Court finds this matter must be remanded for additional proceedings in order for the ALJ to take into consideration Plaintiff's mental impairments and the limitations those impairments have on Plaintiff's functionality.

## CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for an award of benefits or, alternatively, for additional proceedings. ECF No. 13 at 3, 17. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). Here, the Court finds that further development is necessary for a proper determination to be made.

As discussed above, the ALJ erred by finding Plaintiff's polysubstance abuse was his only medically determinable psychiatric impairment. Accordingly, on remand, the ALJ shall readdress step two of the sequential evaluation process. The ALJ shall then reevaluate whether Plaintiff's DAA is a "material factor" contributing to his disability, i.e., whether Plaintiff's mental impairments would disable him independent of the limitations resulting from DAA. 20 C.F.R. §§ 404.1535(a), 416.935(a). The ALJ shall reconsider the medical evidence of record and develop the record further by directing Plaintiff to undergo a consultative psychological examination, possibly with an individual who specializes in treating or examining people who have substance use disorder or dual diagnoses of substance use disorders and co-occurring mental disorders. *See* SSR 13-2p, 2013 WL 621536 at *11. The ALJ shall, reassess Plaintiff's statements and testimony,

formulate a new RFC determination, and obtain supplemental testimony from a vocational expert, if warranted. The ALJ may also take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED February 11, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE